# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LISA FLORIA SAUFL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:13-cv-1896-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. 205(G) AND 1631(C)(3) (Doc. No. 11)**
>
> **FILED:** **February 18, 2014**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Although the motion is presented as being opposed, no opposition brief has been filed, and the time for doing so has passed.  Pursuant to sentence six of 42 U.S.C. §§ 205(g) and 1631(c)(3), the Court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner.

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996).  To remand under sentence four, the district court must

either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090-91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Jackson*, 99 F.3d at 1095.

Here, the Commissioner represents that the recording of the administrative hearing is inaudible, and seeks remand in order to "attempt to obtain from Plaintiff's attorney a copy of the administrative law judge's decision with exhibit list, the Appeals Council's denial notice and any evidence the attorney may have available." As the case cannot proceed without an administrative record for the Court to review, it is **respectfully recommended** that the motion be **granted,** and that the matter be remanded for such purposes, pursuant to sentence six of 42 U.S.C. §§ 205(g) and 1631(c)(3). As noted above, as the Court retains jurisdiction in a sentence six remand, so no judgment should be entered. Rather, should this recommendation be adopted, the Court should remand the case, and administratively close the matter, pending future filings after remand. The Commisioner should be ordered to file a status report every 90 days after remand.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 11, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy